[Civ. No. 9558. Second Appellate District, Division Two.—April 23, 1935.]

JOSEPH ZEIGLER, Respondent, v. EDWARD H. ROSEN-BURG, Appellant.

Erwin P. Werner and Hibbard & Kleindienst for Appellant.

A. Brigham Rose for Respondent.

CRAIL, J.—This is an appeal from a judgment in favor of the plaintiff against the defendant. The transaction between the parties occurred at the time the defendant and S. C. Lewis were in New York where they had gone for the purpose of listing the preferred stock of the Julian Petroleum Corporation on the New York Stock Exchange. The plaintiff's theory of the case at the trial was that the ''defendant procured from the respondent $10,000 under a promise that he was going to let him in on a big deal; that he was going to make a lot of money for him in a few days and would guarantee that he wouldn't lose any of the $10,000. The word 'guarantee' as used by the defendant-appellant was used not in the legal sense, but in the sense of common usage frequently considered. . . . Respondent's unequivocal contention is that no stock was at any time in fact purchased, and that appellant pocketed and retained respondent's $10,000.'' The findings of the trial court, while they include many unnecessary facts, make it clear that the defendant had taken $10,000 from the plaintiff for the use and benefit of the plaintiff and that the latter was entitled to its return with interest.

■ The defendant's first contention is that the amended complaint does not state a cause of action. The complaint is in three counts. We are satisfied that a cause of action is stated on the common count, at least, and we will search no further in this regard. ■ The defendant's next contention is that the cause of action on the common count is barred by the statute of limitations, but we find upon an inspection of the record that the statute was not pleaded as a bar to the cause of action on the common count. Indeed, we find that when the defendant attempted to set up such a plea as a part of the record on appeal a motion was made by the plaintiff to strike it on the ground that the same ''was wholly synthetic, the same not having been incorporated in the answer actually filed by the defendant'', and that upon the hearing of the motion counsel for the defendant stipulated for and the court granted the motion for diminution of the record by striking the portions of the record setting up said defense. Under the circumstances this contention must necessarily be disregarded.

■ Appellant's next contention is that there is no evidence whatsoever or proof of loss by the plaintiff. It is

our duty, of course, to view the evidence in the light most favorable to the party who was successful in the trial court, and having examined the evidence, keeping in mind this rule, we are satisfied that there is substantial evidence to support the findings of the trial court.

The final contention of the defendant is that the court erred in allowing plaintiff interest on the $10,000 from the time a specific demand was made upon the defendant for the return of the money. There is no merit in this contention.

Judgment affirmed.

Stephens, P. J., and Scott, J., *pro tem.*, concurred.